[Civ. No. 24005. Second Dist., Div. Three. May 26, 1960.]

HELEN LORRAINE LOOMIS, Appellant, v. JOHN CARLETON LOOMIS, Respondent.

Wiener & Wiener for Appellant.

Noren Eaton for Respondent.

VALLÉE, J.—Appeal by plaintiff from parts of an interlocutory judgment of divorce. The parts specifically mentioned in the notice of appeal relate to the community property awarded defendant, separate property awarded defendant, and support of plaintiff and minor children. No mention of these matters is made in plaintiff's briefs and they are deemed to have been abandoned. Plaintiff's sole contention is that the court abused its discretion in refusing to impress a lien on defendant's separate property as security for the

awards made for the support of plaintiff and the minor children.

"Civil Code, section 140, provides: "The court may require any person required to make any payments under the provisions of this article to give reasonable security therefor and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."

■ The provisions of section 140 are permissive and not mandatory, and it is within the discretion of the trial court to require or not to require such security. (*Hilmer* v. *Superior Court*, 220 Cal. 71, 73 [29 P.2d 175]; *Latterner* v. *Latterner*, 121 Cal.App. 298, 302 [8 P.2d 870].) ■ The power conferred on a court to impose a lien on separate property of a husband is a delicate one, and must be exercised with caution lest injury be done to him and his property. The remedy is regarded as an extraordinary and harsh one to be resorted to in cases where other less onerous remedies are not available. (*Breedlove* v. *Breedlove Excavating Co.*, 56 Cal.App.2d 141, 143 [132 P.2d 239].)

The parties married in September 1941. They separated about April 24, 1957. They have three children aged 14, 12, and 9. On August 30, 1957, defendant was ordered to pay plaintiff $115 a week for the support of herself and the minor children. The cause went to trial on August 4, 1958. Defendant made the payments regularly as ordered, a period of 11 months. Plaintiff testified defendant had "great affection" for the children; she was satisfied he loves his family and wishes to support them; prior to the order of August 30, 1957, he left all charge accounts for her free use and did not disturb his checking account, on which she could draw freely; after the order of August 30, 1957, he visited the children regularly. At the trial defendant agreed the children should remain the beneficiaries of certain life insurance policies, and the court so decreed.

The pretrial court order made April 23, 1958, states: "It is indicated that the defendant is willing that the wife have the family home and the furniture and furnishings there located with the exception of the mentioned items of furniture which are claimed to be separate; also that the wife may have the Lincoln automobile. It is indicated that defendant would be willing to make the minor children irrevocable beneficiaries of his insurance policies during the minority of said children. Custody of the minor children is in plaintiff and no issue exists as to visitation or custody at this time.

"The principal matters at issue are the question of whether or not a lien, or receivership should be granted to secure support payments as to any support which may be granted; and also as to the amount of support to be granted.

"Defendant has recently received distribution of an inheritance, the total distributions amounting to something in the range of $100,000.00 to $120,000.00, and it is the contention of the plaintiff that this separate property should be subjected to a lien or receivership it being the further contention of plaintiff that the defendant drinks to excess and by reason of this claimed fact should be subjected to such lien or receivership. Defendant vigorously contests this issue and contends that no receivership or lien is necessary or should be granted. Defendant does not contest the existence of cruelty, but does deny that he is an alcoholic or by reason of the use of alcohol he is incapable of managing his own business or by reason of such use of alcohol liens or receivership should be granted."

Plaintiff's contention is based on the argument that under the uncontradicted evidence, defendant will squander the inheritance and that he is addicted to the excessive use of alcoholic beverages. We find no such uncontradicted evidence. Between July and December, 1956, defendant inherited $37,000 cash. By July 1957 it was spent. But, as the trial judge stated, plaintiff shared substantially to the same extent as defendant in that inheritance. In February 1958 defendant inherited $112,000 in securities and about $1,000 cash. There was no evidence that any part of this inheritance had been squandered or dissipated. There was substantial evidence from which the court could conclude defendant was not an alcoholic and that whatever drinking he did did not interfere with his business. There was no substantial evidence defendant intended in any way to avoid his obligations under the decree or that it was necessary to safeguard future compliance with the order for support of plaintiff and the children by a lien on defendant's separate property.

It is fairly deducible from the cases that one of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice. (*Clavey* v. *Lord*, 87 Cal. 413, 419 [25 P. 493]; *Hale* v. *Hale*, 6 Cal.App.2d 661, 663 [45 P.2d 246].) Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion,

and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power. (*Estate of Hart,* 119 Cal.App.2d 310, 318 [259 P.2d 703].) Under the circumstances disclosed by the evidence, it does not appear the trial court abused its discretion in refusing to impress a lien on defendant's separate property as security for the support awards.

The parts of the interlocutory judgment appealed from are affirmed.

Shinn, P. J., and Ford, J., concurred.