[No. B060207. Second Dist., Div. One. Feb. 5, 1993.]

WILLIAM L. DUBOIS, Plaintiff and Appellant, v.
CORROON & BLACK CORPORATION et al., Defendants and
Respondents.

**COUNSEL**

Allan F. Grossman for Plaintiff and Appellant.

James Lerman for Defendants and Respondents.

## Opinion

DUNN, J.*—Plaintiff appeals from the judgment of dismissal on May 21, 1991, pursuant to Code of Civil Procedure section 583.420, subdivision (a)(2)(A), authorizing discretionary dismissal for unreasonable delay in the prosecution of one's case; and from the order of July 2, 1991, denying reconsideration and relief under section 473 of the Code of Civil Procedure. We affirm.

### I. Statement of Facts and Procedural Background

Plaintiff filed his complaint against Corroon & Black Corporation, Douglas H. Judson and Norb W. Clements on January 21, 1987, alleging negligent misrepresentation and breach of an insurance sales contract. Each of the defendants was served in April 1987. By letter from defendants to plaintiff's attorneys dated May 29, 1987, an open extension of time to respond to the complaint was mutually stipulated to in writing and remained open about one year. There were settlement negotiations which were not fruitful. Plaintiff engaged in some discovery in early 1988 in the form of an inspection demand and a request for production of documents. Plaintiff granted to defendants extensions of time to respond to the discovery requests. In response to plaintiff's demand, defendants filed their answer on July 26, 1988, one and one-half years subsequent to the filing of the complaint. Plaintiff's file during this time was handled by a large law firm with a large turnover of associates. In August 1990, the fourth associate assigned to plaintiff's file was instructed to prepare and file an at-issue memorandum.

The superior court, on its own motion, set a hearing for May 21, 1991, requesting the parties to show cause why the case should not be dismissed for lack of prosecution pursuant to Code of Civil Procedure section 583.420, subdivision (a)(2)(A). Plaintiff, meanwhile, on May 13, 1991, filed and served an at-issue memorandum and also filed opposition to the court's motion to dismiss in the form of counsel's declaration stating that she had previously prepared an at-issue memorandum in August 1990, but it was inadvertently never filed or served on the defendants. Both sides appeared at the order to show cause hearing. Plaintiff's attorney advised the court that she had been instructed to file the at-issue, that she had filled it out but "apparently it was never filed . . . ." The court, after hearing brief argument, dismissed the case. The elapsed time between the filing of the complaint and this dismissal was four years, four months and two days. On

---

*Judge of the Municipal Court for the Long Beach Judicial District sitting under assignment by the Chairperson of the Judicial Council.

July 2, 1991, the court denied plaintiff's motions for reconsideration of the order of dismissal and for relief under Code of Civil Procedure section 473 on the ground of inadvertence and/or excusable neglect.

## II.  CONTENTION

Plaintiff contends that his explanation for delay in prosecution was reasonable and credible; hence, the court abused its discretion by dismissing plaintiff's case in the absence of a demonstration by defendants of actual prejudice. Plaintiff argues further that the dismissal denied plaintiff equal protection of the laws inasmuch as court-initiated discretionary dismissal proceedings are treated disparately by trial courts.

## III.  ISSUE

The single issue before this court is whether the trial court abused its discretion in dismissing the plaintiff's action for dilatory prosecution pursuant to Code of Civil Procedure section 583.420, subdivision (a)(2)(A).[1]

## IV.  DISCUSSION

### A.

█  Let us first examine the degree of scrutiny to be utilized in reviewing the trial court's order of dismissal under section 583.420, subdivision (a)(2)(A). The trial court is empowered, in its discretion, to dismiss a case where there has been a failure to prosecute diligently. The principle established in the *Denham* case restricts appellate scrutiny to a determination of whether or not the trial court has acted abusively in exercising the discretion vested in it. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) That discretion will not be disturbed in the absence of clear abuse (*Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 558 [194 Cal.Rptr. 773, 669 P.2d 9]), and the complaining party carries the burden of establishing abuse of discretion. Discretion is abused when, in its exercise, the court exceeds the bounds of reason. (*Denham* v. *Superior Court, supra*, 2 Cal.3d at p. 566; *Corlett* v. *Gordon* (1980) 106

---

[1]Code of Civil Procedure section 583.420 provides, in pertinent part:

"(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:

"(1) Service is not made within two years after the action is commenced against the defendant.

"(2) The action is not brought to trial within the following times:

"(A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B)."

Cal.App.3d 1005, 1012 [165 Cal.Rptr. 524].) Discretion, although expansive, may not be capricious or arbitrary and must be exercised impartially and in such a way as to serve the ends of substantial justice. (*Paul W. Speer, Inc.* v. *Superior Court* (1969) 272 Cal.App.2d 32, 37 [77 Cal.Rptr. 152]; *Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 737 [222 Cal.Rptr. 364].) Thus, for appellant herein to prevail, he must make some[2] showing of excusable delay and it must be established that the trial court's exercise of discretion effected an injustice (*Loomis* v. *Loomis* (1960) 181 Cal.App.2d 345, 348 [5 Cal.Rptr. 550]), in which case, the legislative policy favoring resolution of disputes on the merits[3] will prevail over the policy to promote due diligence which underlies the dismissal statute. (*Wilson* v. *Sunshine Meat & Liquor Co.*, *supra*, 34 Cal.3d at pp. 562-563; *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590].)

When is delay in the prosecution of a case excusable? Arguably, it is excusable when an attorney makes a calculated decision, for reasons deemed valid, to delay the prosecution of the case. Where, however, there is no conscious decision to delay and delay nonetheless occurs, are there rational objective criteria by which trial courts may arrive at consistent and reasonably uniform results on the issue of whether the delay was excusable? In wrestling with this question, the Fifth Appellate District of the Court of Appeal has suggested that a trial court's objective analysis would include both consideration of whether the facts presented by a plaintiff in opposing a motion to dismiss are credible and the actual reasons for delay. ■ In other words, in weighing whether or not to exercise the dismissal sanction, the court must make a determination as to the credibility of the explanation given by plaintiff and must consider whether it is the true, rather than a fabricated, reason for the delay. (*Putnam* v. *Clague* (1992) 3 Cal.App.4th 542, 549 [5 Cal.Rptr.2d 25].) If the court is not satisfied that the plaintiff has successfully fulfilled his burden in this regard, then the trial court may dismiss the case and do so without any consideration of whether the defendant was prejudiced by the delay. (*Paul W. Speer, Inc.* v. *Superior Court*, *supra*, 272 Cal.App.2d at p. 36.)

---

[2]*Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, 21 [90 Cal.Rptr. 405], discussing *Denham* v. *Superior Court*, *supra*, "[a plaintiff must] make *some showing of good cause* before the court [original italics]," as opposed to an adequate showing of good cause regarding the dormancy of his case upon which the court may exercise its discretion.

[3]Code of Civil Procedure section 583.130 provides:

"It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interests and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

Once a plaintiff has made a case for some excusable delay, the trial court, before exercising its discretionary power to dismiss, must look to all of the factors which impact upon the case so as to avoid effecting a miscarriage of justice. The court must consider the totality of the circumstances by "viewing the whole picture." (See *Salas* v. *Sears, Roebuck & Co.*, *supra*, 42 Cal.3d at pp. 346, 349.) Included in the "total picture" are those elements set forth in California Rules of Court, rule 373(e).[4]

■ California Rules of Court, rule 373(e) articulates the factors which a trial court, in pondering whether or not to exercise its discretionary power to dismiss for want of diligent prosecution, *must* consider. While the court is presumed to be correct in its ruling and need not specifically state that it has considered all of the relevant factors enunciated in the rule (*Wilson* v. *Sunshine Meat & Liquor Co.*, *supra*, 34 Cal.3d at pp. 562-563; *San Ramon Valley Unified School Dist.* v. *Wheatley-Jacobsen, Inc.* (1985) 175 Cal.App.3d 1050, 1055 [221 Cal.Rptr. 342]), actual consideration of those factors as well as consideration of the plaintiff's conduct is mandatory even in a case where the motion to dismiss is sua sponte. (*Dockery* v. *Hyatt* (1985) 169 Cal.App.3d 830, 833 [215 Cal.Rptr. 488].) In fact, the failure of a court to consider the factors enumerated in rule 373(e) is a breach of the duty imposed on the trial court and is, accordingly, an abuse of discretion. (*Visco* v. *Abatti* (1983) 144 Cal.App.3d 904, 907 [192 Cal.Rptr. 833]; *City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 563 [133 Cal.Rptr. 212].) Aside from the factors enunciated in rule 373(e), the trial court should consider whether the defendant's position has been prejudiced (*Rim Forest Lumber Co.* v. *Woodside Construction Co.* (1987) 190 Cal.App.3d 454, 464 [235 Cal.Rptr. 443]), and should consider the public policy favoring trial on the merits over a procedural resolution (*Tannatt* v. *Joblin* (1982) 130 Cal.App.3d 1063, 1068-1069 [182 Cal.Rptr. 112]; *Denham* v. *Superior Court*, *supra*, 2 Cal.3d 557, 566). "The penalty of dismissal against a dilatory

---

[4]California Rules of Court, rule 373(e), provides:

"In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

plaintiff should be exercised with the utmost care; and where it appears that the plaintiff has a good cause of action, that plaintiff has made some showing of excuse for delay; . . . the ends of substantial justice are best met by a preference for the policy of favoring trials on the merits . . . [because] the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed." (*City of Los Angeles* v. *Gleneagle Dev. Co., supra*, 62 Cal.App.3d at p. 563.)

### B.

We turn now to the case before this court. ■ Plaintiff argues that he presented to the trial court facts which establish excusable delay in that they were reasonable, credible and, in fact, the actual reason for delay. The record reflects that the 18-month period, between January 1, 1987, when the complaint was filed and October 1988 when outstanding discovery was completed, also included a stipulated open extension to defendants to file responsive pleadings and some effort at settlement of the case. We observe that apart from the discovery and settlement activity, which are indicative of proper attention to assiduous prosecution, the express written mutual agreement to extend the time reflects a mutual intent of the parties to defer proceedings: "The policy of diligence is subordinate to the parties' own interests . . . ." (*General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449, 455-456 [124 Cal.Rptr. 745, 541 P.2d 289].) Thus, both plaintiff and defendants, by express implication, excused the other from diligence of prosecution during that period. (*Wheeler* v. *Payless Super Drug Stores, Inc.* (1987) 193 Cal.App.3d 1292, 1297 [238 Cal.Rptr. 885].) Accordingly, this phase of delay in the case cannot and should not be charged against plaintiff for the purpose of sustaining the discretionary dismissal. ■ It must be emphasized, however, that an open extension of time to plead does not, as a matter of law, relieve any party of its obligation to process a case with due diligence. (*Waxman* v. *Boren, Elperin, Howard & Sloan* (1990) 221 Cal.App.3d 519, 525 [270 Cal.Rptr. 540].)

■ The 31-month period from October 1988 to May 1991 when an at-issue memorandum was actually filed is remarkable for its inactivity. This period of dormancy may be said to have been interrupted only by plaintiff's unsuccessful attempt to file and serve an at-issue memorandum. "[A p]laintiff must show he acted with reasonable diligence through the entire period the case has been pending. [Citation.]" (*Danielson* v. *ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 659 [245 Cal.Rptr. 126].) We observe further the dearth of activity from August 1990 to May 13, 1991, when the order to show cause hearing occurred. Although plaintiff indicated that there were yet two or three depositions needed before the case would be ready for

trial, the record reflects no affirmative effort to fulfill this need. In addition, plaintiff waited two months after the court's sua sponte notice of hearing before getting an at-issue memorandum on file. It is readily discernible from the total record that subsequent to October 1988, the only affirmative acts initiated by plaintiff were the actual filing of the at-issue memorandum and the previous ineffectual effort to file and serve an at-issue memorandum. Thus, plaintiff's only showing of good cause in opposition to the court's motion to dismiss a case 4.25 years in progress was his counsel's mistaken belief[5] an at-issue memorandum had been filed, coupled with a showing of brief discovery activity early on and an open extension to plead. It is hard to overlook, however, that the at-issue memorandum problem arose during a sterile one-year and ten months after all discovery activity had ceased and nine barren months before the order to show cause hearing. Such a state of affairs will not support a finding that the trial court erred in dismissing this case in the face of a languorous two-year and seven-month period between October 1988 and May 1991. While we are mindful of the admonishment of our Supreme Court,[6] we cannot say that in this case the dismissal effected injustice. (*Loomis* v. *Loomis, supra,* 181 Cal.App.2d at pp. 348-349.)

■ Plaintiff argues that the court's ruling was abusive of its discretion in that there was no consideration of the factors set forth in California Rules of Court, rule 373(e). The record reflects that, while the court never made any specific reference to the rule or to any of the factors stated therein, the court did indicate at the hearing for reconsideration of its ruling that the motion was denied for the "reasons set forth in the opposition papers." In those opposition papers, defendants made reference in extensive detail to each of the factors in rule 373(e), and plaintiff in his memorandum of points and authorities on the motion did the same. It would appear, therefore, that the court certainly had those factors in mind at the reconsideration hearing if not at the order to show cause hearing. Although the court did not render express

---

[5]Similar fact situations have been held to be excusable delay: *City of Los Angeles* v. *Gleneagle Dev. Co., supra,* 62 Cal.App.3d at page 562, where a number of attorneys handled the case in an understaffed office with a substantial caseload, and *Hallett* v. *Slaughter* (1943) 22 Cal.2d 552, 555-556 [140 P.2d 3], where the attorney prepared an answer to the complaint which he averred was mailed to the court and counsel but which was not received by either.

[6]"In *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 . . . [fn. omitted], [the Supreme Court] issued a warning to trial courts to proceed with extreme caution before dismissing an action for want of prosecution:

" ' "[C]ourts exist primarily to afford a forum for the settlement of litigable matters between disputing parties . . . . [Citation.] To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause." [Citation.] *The harshness upon plaintiffs who are seldom personally responsible for delays in our system of representative litigation is manifest.* ' (Italics added.) (*Id.* at pp. 806-807.)" (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 565 (dis. opn. of Reynoso, J.).)

findings on the factors delineated in the rule, and although it may be desirable that a court do so,[7] there is no such mandate in the law. "The mere fact that the court did not explicitly refer to rule [373(e)], when the statute contains no such requirement does not support the conclusion that it was ignored." (*Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 563.) ■ " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. . . .' [Citations.]" (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 564, original italics.)

■ Respondents in this case made no protestation or demonstration to the trial court that their position was in any way prejudiced. Plaintiff argues that in the face of this absence of any manifestation of disadvantage, it was an abuse of discretion for the court to dismiss. The premise is unsound and we summarily reject the contention. The line of cases holding erroneous a discretionary dismissal in the absence of a demonstration of prejudice[8] has been discredited[9] and we choose not to follow it. Nor need we be concerned with the problem of inferred prejudice by the trial court. There is no indication from any statement by the trial court that it was in any manner influenced by any presumption of prejudice to the defendants. In any event, given the lengthy period of inactivity by plaintiff after October of 1988 and a declaration by plaintiff devoid of any explanation for indolence other than a misplaced at-issue memorandum, we cannot say that the trial court's determination of inexcusable delay resulting in dismissal constituted an abuse of discretion.

Plaintiff argues unenthusiastically that he has been deprived equal protection of the laws, and he cites *Payne* v. *Superior Court* (1976) 17 Cal.3d 908

---

[7]The trial judge's statement in *Sanborn* v. *Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 419 [134 Cal.Rptr. 402, 556 P.2d 764], demonstrates a desirable practice and accedes to the admonition of *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361]: " 'As to defendant Chronicle Publishing Company, again in conformity with the suggestion . . . of the *Weeks* Opinion, I dismiss the Complaint on my own motion, exercising my discretion under C.C.P. [former] § 583a. Consideration has been given to all the factors mentioned in Court Rule 203.5 [now 373(e)], with the result that I find the delay in bringing this case to trial as against this defendant to be inexcusable. Justice can be truly served between plaintiff and said defendant only by such dismissal, and I am prepared to accept review on the basis thereof.' []"

[8]*Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019, 1031 [213 Cal.Rptr. 712]; *Troupe* v. *Courtney* (1985) 169 Cal.App.3d 930, 934 [215 Cal.Rptr. 703].

[9]*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 479 [243 Cal.Rptr. 902, 749 P.2d 339]; *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58] (affirmed a discretionary dismissal although no prejudice was shown); *County of Los Angeles* v. *Superior Court* (1988) 203 Cal.App.3d 1205, 1210 [250 Cal.Rptr. 481]; *Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 602, 605 [243 Cal.Rptr. 810].

[132 Cal.Rptr. 405, 553 P.2d 565] in support of his contention. Apparently, plaintiff identifies himself with the prison inmate who argued that he was denied access to the court system by reason of his incarceration and indigency. This argument is unpersuasive given that the record demonstrates plaintiff's less than earnest effort to utilize the court system to prosecute his case.

### C.

Although public policy regards with favor a trial on the merits, that policy is not absolute. The countervailing, albeit subordinate, principle underlying Code of Civil Procedure section 583.420 to foreclose unreasonable delay and compel diligent prosecution of litigation, in a proper case, will take precedence. The evidence here of a lengthy, unexplained lack of activity marks this as such a case. Accordingly, we affirm, holding that the trial court, after issuing notice of its intent to dismiss the case sua sponte and in the absence of some credible and unfeigned excuse for delay, reasonably exercised its broad discretion to dismiss inasmuch as it gave consideration to the total circumstances of the case including the factors enunciated in rule 373(e) of the California Rules of Court.

### V. DISPOSITION

The judgment and the order under review are affirmed.

Spencer, P. J., concurred. Vogel (Miriam A.), J., concurred in the result only.

A petition for a rehearing was denied February 25, 1993, and appellant's petition for review by the Supreme Court was denied April 28, 1993.