Filed 1/22/14  Deven v. Dynamic Auto Images CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NIKOLE DEVEN, | |
| Plaintiff and Appellant, | G048064 |
| v. | (Super. Ct. No. 30-2012-00572389) |
| DYNAMIC AUTO IMAGES, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David R. Chafee, Judge.  Reversed and remanded.

Law Office of Michael T. Welch and Michael T. Welch for Plaintiff and Appellant.

Del Mar Law Group, JL Sean Slattery, David P. Hall and Azar M. Khazian for Defendant and Respondent.

\*                \*                \*

Nikole Deven sued her employer Dynamic Auto Images (Dynamic), alleging she was the victim of sexual harassment in the workplace. She also asserted that after she complained of the harassment, she was subjected to retaliatory acts including withholding of her wages, termination of her employment, and withholding of additional sums due to her in the wake of termination. She sought damages as well as an award of attorney fees and costs against Dynamic. However, Deven voluntarily dismissed her lawsuit, and Dynamic thereafter moved for an award of attorney fees pursuant to Labor Code section 218.5 (all further undesignated references are to this code), arguing Deven's lawsuit qualified as an action for unpaid wages on which it had prevailed. The trial court granted that motion but awarded a reduced amount of fees, reasoning that only three of Deven's six causes of action – breach of contract, retaliation, and wrongful termination in violation of public policy – were grounded on the alleged nonpayment of wages. That fee award was later incorporated into the judgment.

On appeal, Deven challenges the award. She does not contest the propriety of the court's decision to apportion the fees among her causes of action, but argues the resulting award was overly generous because only one of her six causes of action, not three, could be properly viewed as actions brought for nonpayment of wages.

We reverse. Although the trial court acted within its discretion in deciding to apportion the fees among the covered and non-covered claims, it nonetheless erred by hewing too closely to the repetitive allegations and overlapping causes of action identified in Deven's complaint while doing so, resulting in an award of fees based explicitly on causes of action which do not support such an award. On remand, the court must award only those fees necessary to defend against Deven's claims for wages, rather than by simply dividing the causes of action asserted by Deven.

2

Deven's complaint alleges, as facts common to all causes of action, that she was employed by Dynamic with her principal responsibilities including sales of products and services. During the course of her employment, she was subjected to an "escalating pattern of sexually-laden statements and conduct by her manager" (who is also Dynamic's owner.) She resisted and objected to these statements and conduct, despite her fear of adverse employment consequences. Thereafter, consistent with her fear, she was subjected to retaliatory and adverse actions by Dynamic, including "denial and refusal to pay compensation due and owing" and "termination of [her] employment."

Based on those basic facts, her complaint set forth causes of action styled (1) "sexual harassment," (2) "sex discrimination," (3) "retaliation," (4) "failure to prevent harassment," (5) breach of contract, and (6) "wrongful termination in violation of public policy." (Initial capitalization omitted.) In her prayer, Deven sought an award of attorney fees, as well as costs.

Shortly after the complaint was filed, Dynamic served Deven with written discovery, and she failed to respond in a timely fashion. As a consequence, Dynamic served and filed a motion to compel her to respond to the discovery and sought an award of monetary sanctions against her. Deven also failed to respond to that motion. Instead, she unilaterally abandoned the action by filing a voluntary dismissal of the complaint two days before to the scheduled hearing.

Following the dismissal, Dynamic filed a motion requesting an award of $14,442 in attorney fees in its favor, on the basis it qualified as the prevailing party on a claim for wages under section 218.5. The trial court granted the motion, but concluded that only three of Deven's six causes of action qualified as "action[s] brought for the nonpayment of wages." (*Ibid.*) Specifically, the court found that "the 3rd cause of action for retaliation, the 5th cause of action for breach of contract, and half the 6th cause of

3

action for violation of public policy" qualified as actions for nonpayment of wages. Consequently, the court ordered Deven to pay 42 percent of the fees claimed by Dynamic or $6,065.64.

DISCUSSION

*1. The Record on Appeal is Sufficient.*

We first address Dynamic's contention the judgment should be affirmed simply because Deven failed to provide us with an adequate record on appeal. Dynamic argues that in order to assess whether the trial court's discretionary award of fees was correct, we must consider "all of the circumstances" surrounding its order (quoting *Loomis v. Loomis* (1960) 181 Cal.App.2d 345, 348), and that we cannot do that here without considering the declaration and notice of lodgment it filed with the trial court in support of its motion for fees – neither of which was included in the record Deven provided to us.

We are unpersuaded by the contention. While it is true that a judgment on appeal is presumed correct, not *every* circumstance surrounding rendition of the judgment is automatically relevant in evaluating *any* assertion that it is erroneous. The only circumstances we are concerned with are those that actually bear upon the particular assertion advanced by the appellant.

In this appeal, Deven makes a very narrow assertion, i.e., that the court committed error in determining whether the causes of action alleged in her complaint legally qualify as "action[s] brought for the nonpayment of wages" under section 218.5. Such an inquiry would not, as a general rule, involve consideration of extrinsic evidence, and there is no suggestion in Dynamic's fee motion (which is included in our record) that it urged the court below to do so.

4

Significantly, Deven does not challenge the sufficiency of the evidence to support the amount of fees awarded to Dynamic in its motion. Her argument is a legal, not a factual one. Because there is no indication that the evidence relied upon by Dynamic below would be relevant in evaluating Deven's contention on appeal, we cannot conclude she was obligated to include it in her appellate record.

*2. FEHA and Common Law Tort Causes of Action Are Not Actions for Nonpayment of Wages.*

The trial court's fee award was based on section 218.5, which is part of a statutory scheme governing the obligation of employers to promptly pay wages. (§ 200 et seq.) The statute provides in pertinent part that "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. This section shall not apply to an action brought by the Labor Commissioner." (§ 218.5.) Effective January 1, 2014, any party seeking attorney fees under section 218.5 who is not an employee may recover fees only if the trial court "finds the employee brought the court action in bad faith." (§ 218.5, subd. (a).)

Based on the allegations of Deven's complaint, the trial court determined that three of her six causes of action – breach of contract, retaliation, and wrongful termination in violation of public policy – qualified as actions brought for the nonpayment of wages. As the trial court noted, Deven's cause of action for retaliation explicitly describes Dynamic's retaliatory conduct as including not only its termination of her employment, but also its denial of her "*earned compensation.*" (Italics added.) Deven's cause of action for wrongful termination in violation of public policy not only incorporates her entire retaliation cause of action by reference, but then explicitly

5

*realleges* that Dynamic's alleged violation of the public policy requiring it to pay her earned wages is part of the new cause of action.

And since Deven herself had included a request for attorney fees in her complaint, the court determined Dynamic was entitled to an award of fees under section 218.5, as the prevailing party on those covered causes of action.

On appeal, Deven does not challenge the trial court's basic interpretation of the fee statute, nor does she quibble with its decision to apportion the fees among her causes of action. She likewise accepts the court's determination that her breach of contract cause of action qualifies as an action for nonpayment of wages under the statute.

But what Deven does challenge is the court's specific determination that her causes of action for retaliation and wrongful termination in violation of public policy *also* qualified as actions for nonpayment of wages, and thus as appropriate bases for a fee award. Her theory is that because each of these causes of action constitutes a "distinct *tort* claim [based] on a completely different policy rationale" than the one underlying a claim for nonpayment of wages, they cannot also be construed as alleging a claim which entitles the employer to recover fees under section 218.5. We agree.

An "action brought for the nonpayment of wages" "is an action brought *on account of* nonpayment of wages. The words 'nonpayment of wages' in section 218.5 refer to an alleged legal violation, not a desired remedy." (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1256, original italics.) Nonpayment of wages must be the gravamen of the cause of action to qualify for an attorney fee award under section 218.5. (*Ibid.*) For example, in *Kirby*, the Supreme Court concluded a claim under section 226.7 for failure to provide meal and rest breaks was not a claim for nonpayment of wages because the gravamen of the claim was the failure to provide the statutorily-mandated breaks even though the remedy was an additional hour of wages for each violation. (*Ibid.*)

6

Here, the gravamen of Deven's retaliation claim was that Dynamic unlawfully retaliated against her for engaging in protected activities—complaining about Dynamic's sexual harassment and discrimination—even though the retaliation took the form of nonpayment of wages and termination of her employment. Similarly, the gravamen of Deven's wrongful termination in violation of public policy claim was that Dynamic terminated her employment because Deven engaged in protected activity. (4 Wilcox, Cal. Employment Law (2012) Liability for Wrongful Termination and Discipline, § 60.04[1][a], p. 60-39 [essential elements of wrongful termination in violation of public policy claim include adverse employment action based on employee engaging in conduct protected by public policy].) The only one of Deven's claims on which the gravamen was nonpayment of wages was the claim for breach of contract and that is the only claim that supports an attorney fee award under section 218.5. Although the trial court has broad discretion to apportion fees between covered and non-covered claims in cases where an award is proper (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 505), it abuses its discretion when the apportionment is based on an error of law (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725 ["[a]n abuse of discretion is shown when the trial court applies the wrong legal standard"]). That is what occurred here.

Initially, we note that Deven has only one right to recover wages she actually earned, but were not paid to her. That claim is contractual in nature, and if she were able to prove unpaid wages were owed to her, she would be entitled to recover them without regard to Dynamic's alleged motive for the nonpayment. Conversely, if those wages were not owed to her as a matter of contract law, they would also not be recoverable as part of a tort cause of action for retaliation or wrongful termination. Thus, Deven's reliance on that nonpayment as part of her separate claims for retaliation and wrongful termination did not actually expand the scope of the wage claim.

7

More significantly, Deven's causes of action for retaliation and for wrongful termination in violation of public policy both arise under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900, et seq.)  FEHA makes it illegal for an employer "to discriminate against [an employee] in compensation or in terms, conditions, or privileges of employment," on account of the employee's "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation," or "to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment [on any of those grounds.]"  (Gov. Code, § 12940, subd. (a).)

The FEHA has its own statute governing awards of attorney fees for claims falling within it (Gov. Code, § 12965, subd. (b)), and our record reflects no request for such fees was made by Dynamic.  Thus, the trial court erred by purporting to award fees to Dynamic based directly on Deven's FEHA retaliation cause of action.  We must consequently reverse the order and remand the case to the trial court for reconsideration of the award

Having said that, however, we do not mean to imply that on remand the trial court would be restricted to awarding only one-sixth of the fees claimed by Dynamic – as Deven claims – merely because Deven organized her allegations into what she characterized as six separate causes of action.  It is the general rule that "[w]hen a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action."  (*Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133.)  But an exception exists for fees "incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not."  (*Ibid.*)  In that situation, an allocation need not be made and all fees

8

"incurred on the common issues qualify for an award." (*Ibid*.)  An exception to the general rule also exists when "issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." (*Ibid*.)

Accordingly, Dynamic may recover its fees for all work related to issues presented by Deven's breach of contract claim regardless of whether that work also related to issues presented by her FEHA or other tort causes of action, but Dynamic may not recover its fees for any work related to issues presented solely by those other causes of action.  Stated another way, Dynamic may recover only those fees necessary to defend against Deven's claim for unpaid wages.  The precise allocation of fees among the various issues presented is vested in the trial court's sound discretion and it will be reversed only for an abuse of that discretion provided the court applies the foregoing standards.  (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1604.)

## DISPOSITION

The judgment is reversed and the case is remanded to the trial court with directions to reconsider the fee award.  The parties are to bear their own costs on appeal.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

ARONSON, J.

IKOLA, J.

9