Filed 11/16/20  P. v. Negron CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B301149 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA108947) |
| v. | |
| HECTOR NEGRON, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge. Conditionally reversed and remanded with instructions.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorney Generals, for Plaintiff and Respondent.

---

## INTRODUCTION

In issuing a warrant for a search of appellant Hector Negron's person and residence, a magistrate sealed the search warrant affidavit's statement of probable cause pursuant to *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*), under which a search warrant affidavit may be sealed if necessary to implement the informant privilege or the official information privilege.[1] Appellant, a felon, was found

---

[1] The informant privilege permits a public entity "to refuse to disclose the identity of a person who has furnished information [in confidence to a law enforcement officer] purporting to disclose a violation of a law . . . , and to prevent another from disclosing the person's identity, if the privilege is claimed by a person authorized by the public entity to do so and either of the following apply:  [¶] (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state.  [¶] (2) Disclosure of the identity of the informer is against the public interest because the necessity for preserving the confidentiality of his or her identity outweighs the necessity for disclosure in the interest of justice." (Evid. Code, § 1041, subd. (a).)  Subject to the same conditions, the official information privilege permits a public entity to prevent disclosure of "official information," defined as "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to
*(Fn. is continued on the next page.)*

2

in possession of a firearm when the warrant was executed, and subsequently charged with possession of a firearm as a felon. He filed a motion to unseal the statement of probable cause and to traverse and quash the warrant (*Hobbs* motion). After an in camera hearing on the motion (*Hobbs* hearing), from which appellant and his counsel were properly excluded, the trial court denied the motion. It ordered the transcript of the in camera hearing to be sealed, and the statement of probable cause to remain sealed as well. Appellant subsequently pleaded no contest to the felon-in-possession charge.

On appeal, appellant asks us to review the sealed statement of probable cause and the sealed *Hobbs* hearing transcript, and to determine whether the court erred in denying his *Hobbs* motion. The People do not oppose his request for review.

Having reviewed the sealed materials, we conclude the court erred in ordering the statement of probable cause to remain sealed. The statement of probable cause made no mention of any informant whose confidentiality might justify sealing the statement. Nor, on the facts before the court, did the official information privilege warrant the statement's continued sealing. The facts set forth in the statement of probable cause were insufficient on their face to justify the sealing of the statement under the official information

the public prior to the time the claim of privilege is made." (*Id.*, § 1040, subds. (a)-(b).)

privilege, and this deficiency was not cured by the People's minimal factual presentation during the *Hobbs* hearing. We conclude that by ordering the statement of probable cause to remain sealed on the facts before it, without conducting further inquiry, the court failed to weigh the asserted public interest in confidentiality against appellant's due process interests, as required to determine whether the official information privilege applied. It thereby also failed to execute its duty, in the face of the exclusion of appellant and his counsel from the hearing, to safeguard appellant's due process rights. Accordingly, we conditionally reverse and remand for a new *Hobbs* hearing.

## PROCEEDINGS BELOW

On April 2, 2018, the Los Angeles Police Department (LAPD) obtained a warrant to search appellant's person and his residence. The search warrant affidavit was executed by LAPD Officer Barry Quill. Officer Quill requested that the statement of probable cause be sealed "to implement the privilege under Evidence Code section 1041 [i.e., the informant privilege] and to protect the identity of any confidential informant(s), pursuant to the Supreme Court decision in *People v. Janet Marie Hobbs (*1994) 7 Cal.4th 948." Officer Quill stated, "If any of the information within the requested sealed portion of the affidavit is made public, it will reveal or tend to reveal the identity of any confidential informant(s), impair further related investigations and endanger the life of the confidential informant(s)." The

4

magistrate granted the request to seal the statement of probable cause.

On April 4, 2018, Officer Quill and several other LAPD officers executed the warrant. One of the other officers recovered a handgun from appellant's pocket. Officer Quill recovered matching ammunition from appellant's brother's room.

The People charged appellant with, inter alia, possession of a firearm as a felon.[2] (Pen. Code, § 29800, subd. (a)(1).) The People alleged that appellant had served three prior prison terms (*id.*, § 667.5, subd. (b)), including one for a prior strike conviction (*id.*, §§ 667, subds. (b)-(j), 1170.12, subd. (b)). Appellant initially pleaded not guilty to all charges and denied all allegations.

On October 2, 2018, appellant filed a *Hobbs* motion, seeking to unseal the statement of probable cause and to traverse and quash the search warrant. He asked the court to "pose questions about the basis for confidentiality" to Officer Quill and to the confidential informant referenced in Officer Quill's request to seal the statement of probable cause.

On October 16, 2018, the trial court held an in camera hearing on the *Hobbs* motion, from which appellant and his counsel were excluded. After the hearing, the court denied the *Hobbs* motion in its entirety, impliedly finding that (1)

---

[2] The other counts were dismissed, on appellant's motion, when the People indicated they were unable to proceed.

5

the statement of probable cause should remain sealed; (2) there was no reasonable probability that Officer Quill had made material misrepresentations or omissions in the statement of probable cause; and (3) the facts stated were sufficient to establish probable cause for the search of appellant's person and residence. The court sealed the transcript of the *Hobbs* hearing.

On the first day of trial (August 26, 2019), appellant pleaded no contest to the felon-in-possession charge. Appellant admitted the prior-conviction allegations, including the strike allegation (which the court struck). Over the prosecutor's objection, the court offered to sentence appellant to three years of probation, and he accepted. The court suspended the imposition of sentence and ordered appellant to serve three years of probation (with 208 days of credit for time served). Appellant filed a timely notice of appeal, noting his appeal was based on the denial of his *Hobbs* motion.

## DISCUSSION

Appellant asks us to review the sealed statement of probable cause and the sealed *Hobbs* hearing transcript, and to determine whether the court erred in denying his *Hobbs* motion. The People do not oppose his request for review.

### A. *Principles*
#### 1. *Potential Grounds for Sealing*

"A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing

6

official information, if the privilege is claimed by a person authorized by the public entity to do so and either of the following apply:  [¶] (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state.  [¶] (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . ."  (Evid. Code, § 1040, subd. (b).)  Subject to the same conditions, a public entity has a privilege to refuse to disclose the identity of a confidential informant.  (See *id.*, § 1041, subd. (a).)

"[W]here a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant official information or the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it."  (Evid. Code, § 1042, subd. (b).)  In *Hobbs*, our Supreme Court concluded that this rule, taken together with the informant privilege, "compel[led] a conclusion that all or any part of a search warrant affidavit may be sealed if necessary to implement the privilege and protect the identity of a confidential informant."  (*Hobbs*, *supra*, 7 Cal.4th at 971.)  Because the rule on which *Hobbs* relied applies to the official information privilege as well, *Hobbs* implies that a search warrant affidavit may also be sealed if necessary to implement the official information privilege.  (See *People v. Sedillo* (2015) 235 Cal.App.4th 1037, 1054 ["By their extension to wiretaps, the *Hobbs*

7

procedures provide that the wiretap's supporting documentation may validly be withheld from disclosure only to the extent necessary to protect *official information* or an informant's identity" (second italics added)].)

As noted, in the absence of a law forbidding disclosure, the official information privilege is a qualified privilege, applying only where "there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . ." (Evid. Code, § 1040, subd. (b).) In weighing these necessities, the court may not consider the prosecution's interest in the outcome of the proceeding before the court. (*Ibid.*) The court may, on the other hand, consider the public's interest in preserving the "confidentiality of police investigations . . . ." (*People v. Jackson* (2003) 110 Cal.App.4th 280, 290; cf. *People v. Pride* (2019) 31 Cal.App.5th 133, 138-139 [where detective gained access to video posted on defendant's social media account, which was viewable only by "'friends,'" by using undercover account that defendant had accepted as a friend, trial court applied official information privilege to block defense counsel from asking detective "about the name on the [undercover] account, any of the URL's or numbers associated with the account, or any other friends associated with the account"].) But the public has little or no interest in preserving the confidentiality of well-known or obvious investigative techniques. (See *In re Marcos B.* (2013) 214 Cal.App.4th 299, 312 (*Marcos B.*) [if officer surveilled defendant by "simply crouching between two parked cars or

8

hiding behind available shrubbery . . . , it would be difficult to conceive of how the need to protect such elementary strategies could ever outweigh a defendant's interest in having the [surveillance] location disclosed"]; cf. Imwinkelried, The New Wigmore, Evidentiary Privileges (3d. ed. 2016) § 7.4.2 [federal caselaw recognizes qualified privilege for information describing law enforcement methods, but "[o]rdinarily, the methods described may not be routine and already well known to the public"]; *American Civil Liberties Union of Northern California v. United States Department of Justice* (9th Cir. 2018) 880 F.3d 473, 491-492 [Freedom of Information Act exemption for information concerning law enforcement techniques does not apply to investigative techniques generally known to the public, such as obtaining suspect's location information from wireless carriers, mobile tracking devices, vehicle telematics systems, and Internet Protocol addresses].)

## 2. Hobbs *Hearing Procedure*

Where any portion of a search warrant affidavit is sealed, and the defendant moves to traverse or quash the warrant, the trial court must "conduct an in camera hearing attended by the prosecutor and the affiant," following a two-step procedure established in *Hobbs*. (Caskey, Cal. Search & Seizure (2020) § 3:35.) "The first step is for the court to determine whether the sealed portion should remain sealed or whether it should be released to the defendant. If there is no longer any reason to protect the identity of the informant,

9

or to protect an ongoing criminal investigation, the court should then order the prosecutor to release the sealed portion [or suffer an adverse ruling]."  (*Ibid*.)  If the affidavit is unsealed in its entirety, or in all respects material to the defendant's motion, the procedure ends; the defendant may then make use of the unsealed information through typical motion procedures.  (See *ibid*.; *People v. Heslington* (2011) 195 Cal.App.4th 947, 959-960 (*Heslington*) [trial court erred by proceeding to second *Hobbs* step, and instead "should have allowed defendant to amend or renew his suppression motions," where "the disclosures ordered by the court were so substantial that the affidavit's remaining sealed material was insignificant to defendant's cause"].)

If the court determines the affidavit should remain sealed in material part, the court proceeds to the second step, which concerns the merits of the defendant's motion to traverse and/or quash the warrant.  If the defendant moved to traverse the warrant and "the court determines there is a reasonable probability the affiant made material misrepresentations or omissions, the People must consent to the release of the sealed portion or suffer an adverse ruling on the motion to traverse."  (Caskey, Cal. Search & Seizure, *supra*, § 3:35.)  If, on the other hand, "the court determines the materials and testimony offered at the in camera hearing do not support defendant's allegations of misrepresentation or omission, the court should report this finding to the defendant and enter an order denying the motion to traverse."  (*Ibid*., boldface omitted.)  If the defendant moved

to *quash* the warrant, the court evaluates the affidavit's showing of probable cause (rather than, or in addition to, its veracity) under a similar procedure. (See *ibid.*)

"Defense counsel and the defendant are excluded from the in camera hearing. They should be allowed to submit written questions of a reasonable length, which the trial judge will then ask of any witnesses called to testify at the hearing. The court must take it upon itself to protect the defendant's rights and to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause." (Caskey, Cal. Search & Seizure, *supra*, § 3:35; accord, *Heslington*, *supra*, 195 Cal.App.4th at 956.) "To avoid a denial of due process, the reviewing court must conduct a particularly careful and thorough in camera hearing . . . ." (Cal. Judges Benchbook: Search and Seizure (CJER 2020) § 2.51; see also *Hobbs*, *supra*, 7 Cal.4th at 957, 964-967, 972 [*Hobbs* procedure strikes fair balance between state's interest in asserting informant privilege and defendant's due process right of access to discovery of information upon which to base challenge to search warrant].)

### B. *Analysis*

Having reviewed the sealed statement of probable cause and the sealed transcript of the *Hobbs* hearing, we conclude the trial court erred in ordering the statement of probable cause to remain sealed. As a matter of law, the informant privilege did not justify the statement's continued

11

sealing, because the statement makes no mention of any confidential informant.  Thus, the official information privilege was the only potentially legitimate basis for the statement's continued sealing.  (See *People v. Sedillo*, *supra*, 235 Cal.App.4th 1037, 1054.)

On the facts before the court (which we will not reveal, given the possibility that they will properly remain sealed on remand), the official information privilege did not justify the continued sealing of the statement of probable cause.  The information included on the face of the statement was insufficient to demonstrate that unsealing it would reveal anything other than an obvious investigative technique, and was therefore insufficient to establish a necessity for preserving confidentiality that outweighed the competing necessity for disclosure to appellant in the interest of justice. (See Evid. Code, § 1040, subd. (b); *Marcos B.*, *supra*, 214 Cal.App.4th at 312; cf. Imwinkelried, The New Wigmore, Evidentiary Privileges (3d. ed. 2016) § 7.4.2; *American Civil Liberties Union of Northern California v. United States Department of Justice*, *supra*, 880 F.3d at 491-492.)  The minimal additional information presented by the People during the *Hobbs* hearing was likewise insufficient to demonstrate an overriding necessity for confidentiality.  In fact, the trial court did not purport to find such a necessity. By nevertheless ordering the statement to remain sealed, the court treated the official information privilege as absolute.  (See Evid. Code, § 1040, subd. (b); *PSC Geothermal Services Co. v. Superior Court* (1994) 25

12

Cal.App.4th 1697, 1714-1715 [trial court erred in ordering search warrant affidavit to remain sealed on ground that disclosure would adversely affect criminal investigation, where nothing in record suggested that court either "undertook the two-stage analysis of confidentiality and public interest necessary to support the sealing of the affidavit" or "considered the possibility of redacting the affidavit and sealing only that portion which might be found . . . to be official information"]; cf. *Marcos B.*, *supra*, 214 Cal.App.4th at 309-310 ["Given the paucity of information revealed in [trial court's] in camera hearing," during which the prosecutor and surveilling officer merely "explained to the court, in the most generic terms, why police would prefer not to reveal their surveillance locations," trial court abused its discretion by upholding claim of official information privilege over surveillance location].)  This error constituted a failure to execute the court's duty, in the face of the exclusion of appellant and his counsel from the hearing, to safeguard appellant's due process rights.  (See *Hobbs*, *supra*, 7 Cal.4th at 957, 964-967, 972; Cal. Judges Benchbook: Search and Seizure, *supra*, § 2.51; Caskey, Cal. Search & Seizure, *supra*, § 3:35.)

 *People v. Lawley* (2002) 27 Cal.4th 102, the only case on which the People appear to rely with respect to the merits of the continued sealing, is inapposite, as it concerned neither the official information privilege nor a motion to unseal a search warrant affidavit; rather, it concerned a defendant's motion for disclosure of a confidential

13

informant's identity on the ground that the informant was a material witness on the issue of guilt.  (*Id.* at 159.)  Moreover, in holding that the trial court properly denied the motion, our Supreme Court expressly rejected the defendant's contention that the trial court's in camera examination of the informant was "conclusionary and superficial," finding the court's inquiry was instead "sufficiently searching . . . ."  (*Id.* at 160.)  Here, our review of the sealed materials leads us to conclude the court conducted an insufficient inquiry, as it failed to probe the People's insufficient factual showing of a need for confidentiality outweighing the need for disclosure in the interest of justice.

The error requires reversal; indeed, the People have not argued that any error in ordering the statement to remain sealed was harmless.  However, we cannot rule out the possibility that had the court conducted a more searching inquiry, the People might have produced additional information that could have justified the continued sealing of the statement of probable cause, at least in part.  We therefore conditionally reverse the judgment and remand the matter for a new hearing on appellant's *Hobbs* motion.  In deciding whether the statement of probable cause should remain sealed, the court must take into account the status of any pertinent investigation at the time of the new hearing, rather than its status at the time of the original *Hobbs* hearing.  (Cf. *People v. Jackson*, *supra*, 110 Cal.App.4th at 290 ["as time passes and an investigation

14

lapses or is abandoned, the need for confidentiality in police files wanes"].)  If the court reaches the second step of the *Hobbs* procedure and finds no reasonable probability that Officer Quill made material misrepresentations or omissions in the statement of probable cause, the court need not newly consider the sufficiency of the showing of probable cause.  In the absence of such a probability, the facts stated were sufficient to establish probable cause for the search of appellant's person and residence.

## DISPOSITION

We conditionally reverse the judgment and remand to the trial court with instructions to hold a new hearing on appellant's *Hobbs* motion, following proper *Hobbs* procedures. First, the court must determine to what extent, if any, the official information privilege justifies continued sealing of the search warrant affidavit, taking into account the contemporary status of any pertinent investigation. If the court unseals all material portions of the affidavit, it must end the *Hobbs* hearing and give appellant the option to withdraw his plea and to amend or renew his motions to quash and traverse. Otherwise, the court must determine whether there is a reasonable probability the affiant made material misrepresentations or omissions. If it finds such a reasonable probability, it must give appellant the option to withdraw his plea and give the People the option to consent to the unsealing of the affidavit or suffer an adverse ruling on appellant's motion to traverse. If, on the other hand, the court finds no such reasonable probability, the judgment will be reinstated.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.

We concur:


WILLHITE, J.                                           COLLINS, J.

16