Filed 3/3/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DREAMWEAVER ANDALUSIANS, LLC, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Defendants and Respondents. | 2d Civil No. B253227 <br> (Super. Ct. No. 56-2011-00405660 <br> CU-PO-VTA) <br> (Ventura County) |

We have previously commented on the "daunting task" confronting an appellant who seeks reversal of a trial court's discretionary ruling. (*Estate of Gilkison* (1998) 65 Cal.App.4th 1143, 1448-1449). To succeed, the appellant must demonstrate that the ruling was arbitrary, capricious, whimsical, or exceeded the bounds of reason. As we shall explain, the appellants here have not come close to satisfying this exacting standard.

Dreamweaver Andalusians, LLC, Michael Shuler, and Lynn Shuler appeal from the judgment entered after the trial court, in the exercise of its discretion, dismissed their action for failure to join an indispensable party. Appellants contend that the absent party, a federal agency, was neither necessary nor indispensable. We affirm.

*Facts and Procedural History*

Appellants Michael and Lynn Shuler own a 22-acre ranch in Somis, California. They leased the property to appellant Dreamweaver Andalusians, LLC. The property shares a common boundary with one thousand acres of land owned by respondent Sunshine Agriculture, Inc. (Sunshine). Sunshine's land is primarily used for agricultural

purposes. Respondent Sierra Pacific Farms, Inc., dba Somis Pacific Ag Management (Somis Pacific), farms the land and manages agricultural operations.

Sunshine's land is on a hillside above appellants' property. Somis Pacific expanded its agricultural operations onto the hillside. In March 2011 the hillside collapsed onto appellants' property.

Appellants filed an action against the persons and entities allegedly responsible for the collapse. Appellants' complaint consists of six causes of action: nuisance, negligence, private nuisance, trespass, mandatory injunction, and prohibitory injunction. The complaint names the following defendants: Sunshine; Prudential Insurance Company of America; Prudential Mortgage Capital Company, LLC; Prudential Financial, Inc.; Capital Agricultural Property Services, Inc.; Las Posas Farms; Sierra Pacific Farms, Inc.; Somis Pacific; Doug O'Hara; Danny P. Holmes; Holmes Enterprises, Inc.; and Haejin Lee.

The complaint alleges: "The Defendants . . . were responsible for the removal of historic watercourses and stable ground cover and also for unreasonable grading, irrigation, planting and maintenance of the hillside slope above [appellants'] . . . property. . . . Defendants acted negligently in failing to take steps to prevent the land from collapsing. . . . [T]he harm was foreseeable because of the steepness of the slope and nature of its soil." "Each defendant is somehow responsible in some manner for the events herein referred to and was thus a cause of [appellants'] damages . . . ."

Originally, the defendants included two individuals and one corporation "involved in the engineering of the slope": Haejin Lee, Danny P. Holmes, and Holmes Enterprises, Inc. They allegedly "were a cause of the encroachment because they were negligent in their preparations, plans, engineering, recommendations and supervision of the uphill work and they failed to inspect, warn, anticipate and monitor the slope. . . . Had they not been negligent, [appellants] would not have been harmed." Appellants dismissed the action as to the engineering defendants notwithstanding the conclusion of appellants' engineering expert "that this slope was unsuitable for development, that the removal of groundcover was a substantial cause of the slope failure, that the cuts into the slope undermined its stability, [and] that the alteration of the water courses and the introduction

2

of irrigation for over 1000 trees were the most significant factors responsible for the foreseeable failure of the slope in question."

Respondents moved to dismiss the complaint for failure to join an indispensable party as a defendant: Natural Resource Conservation Service (NRCS), a division of the United States Department of Agriculture. Respondents alleged that, before expanding agricultural operations to the hillside above appellants' property, Somis Pacific was required to file a plan that satisfied the requirements of the Hillside Erosion Control Ordinance (HECO). The NRCS "prepared all the engineering drawings and calculations in support of Somis Pacific's HECO plan," which was approved by the Ventura County Resource Conservation District (VCRCD). Respondents continued: "[Appellants] complain[] at length regarding the engineering activities that allegedly caused them damage, yet [they have] refused to join the NRCS . . . - the entity that performed all the allegedly defective engineering services."

The trial court found that Haejin Lee, an employee of the NRCS, had prepared all of the engineering drawings and calculations in support of the HECO plan submitted by Somis Pacific to the VCRCD. Because the NRCS "prepared the plans which [appellants] contend were the cause of the landslide," the court concluded that it is both a necessary and indispensable party. The court observed that the NRCS "cannot be joined to the action by cross-complaint because it is a Federal agency not amen[]able to being sued in a state court." The court dismissed the action without prejudice.

Thereafter, appellants filed an action in the United States District Court for the Central District of California, case number 2:14-cv-2025-RGK (RZx). The defendants in the federal action are the same as the defendants in the complaint in the instant action, except that the United States is named as an additional defendant and the following persons are not named as defendants: Danny P. Holmes, Holmes Enterprises, Inc., Haejin Lee, and Las Posas Farms. We grant the request to take judicial notice of specified records in the federal action. (Evid. Code, §§ 459, 452, subd. (d).)

3

*Joinder Rules*

"Joinder of parties is governed by section 389 of the Code of Civil Procedure (section 389)." (*Countrywide Home Loans, Inc. v. Superior Court* (1999) 69 Cal.App.4th 785, 791.) "[S]ection 389 subdivision (a) defines persons who should be joined in a lawsuit if possible, sometimes referred to as 'necessary' parties. [Citation.] It provides: 'A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.' " (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1365.)

"A determination that a person is a necessary party [under section 389, subdivision (a)] is the predicate for the determination whether he or she is an indispensable party [under section 389, subdivision (b)] . . . . [Citation]. [¶] If a necessary party cannot be joined, [section 389, subdivision (b) provides that] the court shall 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable.' " (*TG Oceanside, L.P. v. City of Oceanside*, *supra*, 156 Cal.App.4th at p. 1365.)

*Standard of Review*

"The determination of whether a party is necessary or indispensable is one in which the court 'weighs "factors of practical realities and other considerations." ' [Citation.] In view of that standard, we review the trial court's ruling for abuse of discretion. [Citation.]" (*TG Oceanside, L.P. v. City of Oceanside*, *supra*, 156

Cal.App.4th at p. 1366; accord, *Morrical v. Rogers* (2013) 220 Cal.App.4th 438, 461; see also *Estate of Gilkison, supra,* 65 Cal.App.4th at pp. 1448-1449.)

As to the trial court's application of the law to the facts, "[w]e reverse the judgment only if in the circumstances of the case, viewed most favorably in support of the decision, the decision exceeds 'the bounds of reason' [citation], and therefore a judge could not reasonably have reached that decision under applicable law. [Citation.] It is the appellant's burden on appeal to show the trial court abused its discretion. [Citation.]" (*Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 957.)

*Whether the NRCS Is a Necessary Party*

Appellants argue that the NRCS is a "joint tortfeasor . . . and hence not a necessary party as a matter of law." The "historical definition" of the term "joint tortfeasor" encompassed "only . . . those who act in concert in causing an injury." (*Turcon Construction, Inc. v. Norton-Villiers, Ltd.* (1983) 139 Cal.App.3d 280, 282.) "Today it is commonly used interchangeably with the term 'concurrent tortfeasor' to denote defendants whose negligence has concurred to produce injury. [Citation.]" (*Id*., at pp. 282-283; see also *Leko v. Cornerstone Building Inspection Service* (2001) 86 Cal.App.4th 1109, 1115 ["Joint tortfeasors may act in concert or independently of one another"].)

Respondent Prudential Insurance Company of America (Prudential) argues that the term "joint tortfeasor" should be construed to apply only to those who act in concert in causing an injury. Prudential asserts that appellants' "repeated assertion that the NRCS is a joint tortfeasor is entirely untethered to any factual allegation or evidence contained in the record." We need not decide whether the NRCS is a joint tortfeasor. Assuming, for purposes of discussion, that it is a joint tortfeasor, the trial court did not abuse its discretion in concluding that the NRCS is a necessary party.

We look to federal case law for guidance. "In its current form, section 389 tracks the language of its federal counterpart, rule 19 of the Federal Rules of Civil Procedure [(rule 19)] . . . . [Citation.] 'It is therefore appropriate to use federal precedents as a guide to application of the statute.' [Citations.]" (*Countrywide Home Loans, Inc. v. Superior Court*, *supra*, 69 Cal. App. 4th at pp. 791-92.)

5

The United States Supreme Court noted: "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. [Citations.]" (*Temple v. Synthes Corp.* (1990) 498 U.S. 5, 7, [111 S. Ct. 315, 112 L.Ed. 2d 263].) The Supreme Court did not hold that, as a matter of law, a joint tortfeasor can never be a necessary party. "The inquiry required by a Rule 19 motion must be determined in the context of the particular litigation because it is fact specific. [Citation.]" (*Estrella v. V & G Mgmt. Corp.* (D.N.J. 1994) 158 F.R.D. 575, 580.)

The Eleventh Circuit Court of Appeals has concluded that "a joint tortfeasor will be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.' [Citation.]" (*Laker Airways, Inc. v. British Airways PLC* (11th Cir. 1999) 182 F.3d 843, 848 (*Laker Airways*).) The NRCS is such an "active participant." The complaint alleges that the negligent engineering of its employee, Haejin Lee, was a cause of the collapse of the hillside. The complaint further alleges that Danny P. Holmes and Holmes Enterprises, Inc., were also involved in the negligent engineering. But the trial court found that "[t]he fact that [appellants] find[] fault with the Holmes plans and drawings is of no moment because they were never a part of the plans which were submitted to VCRCD for approval of the HEC[O] plan."

This finding by the trial court is supported by the evidence. According to Haejin Lee, she was the sole engineer for the project. Haejin Lee declared: "I prepared the engineering drawings and calculations for the Somis Pacific HECO Plan without any assistance or input from Holmes. I never spoke with Holmes until after the VCRCD approved the Somis Pacific HECO Plan." Lee explained that Travis Godeaux, a staff engineer at the VCRCD, had informed him "that Danny P. Holmes had prepared drawings in support of Somis Pacific's HECO plan but he [Godeaux] thought that the drawings . . . were not sufficient." Lee "prepared a fresh design including all engineering drawings for the Somis Pacific HECO Plan, which differed from the Holmes design." Godeaux declared that "[n]one of the material prepared by Holmes was included in HECO Plan that the VCRCD considered and approved." Marty Melvin, the Executive

6

Officer and Clerk of the Board of Directors of the VCRCD, declared that "the Holmes plans and drawings were never submitted to the VCRCD Board of Directors for review and approval."

The holding of *Laker Airways* compels the conclusion that the NRCS, Haejin Lee's employer, is a necessary party. The NRCS " 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.' " (*Laker Airways*, *supra*, 182 F.3d at p. 848.) As the trial court observed, the NRCS "prepared the plans which [appellants] contend were the cause of the landslide."

Accordingly, the trial court did not abuse its discretion by deciding that, in the absence of the NRCS, "complete relief cannot be accorded among those already parties." (§ 389, subd. (a)(1).) Under the "complete relief" clause, " 'joinder is required only when the absentee's nonjoinder precludes the court from rendering complete justice *among those already joined.*' " (*Countrywide Home Loans, Inc. v. Superior Court*, *supra*, 69 Cal.App.4th at p. 794.) Here, the "presence [of the NRCS] is crucial to determining the important issue of liability." (*Whyham v. Piper Aircraft Corp.* (M.D. Pa. 1982) 96 F.R.D. 557, 561.)

Furthermore, the trial court reasonably concluded that the NRCS is a necessary party because its absence would "leave [respondents] subject to a substantial risk of incurring . . . inconsistent obligations." (§ 389, subd. (a)(2)(ii).) "If [appellants] receive[] a favorable judgment [in the instant action], . . . [respondents] would have the right to seek indemnification or contribution from the [NRCS] in an action in [federal court]. This results in an unnecessary second suit. Additionally, it is conceivable that the [federal court] might proportion liability differently or make contradictory findings of fact resulting in inconsistent obligations." (*Whyham v. Piper Aircraft Corp.*, *supra*, 96 F.R.D. at p. 561.) In their reply brief appellants acknowledge that "in the event that a judgment is entered against Respondents in state court, they will . . . have the option of bringing an action for indemnity against the NRCS."

7

*Whether the NRCS Is an Indispensable Party*

Appellants note that, because the NRCS is an agency of the United States, it "cannot be joined in a state court suit." (See 28 U.S.C. 1346, subdivision (b)(2) ["the [United States] district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"].)

Where, as here, a necessary party cannot be joined, the trial court must determine whether the action should be dismissed without prejudice because the necessary party is indispensable. (§ 389, subd. (b).) "The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (*Ibid.*)

"Section 389, subdivision (b), leaves the judge 'with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute.' [Citation.]" (*County of San Joaquin v. State Water Resources Control Bd.* (1997) 54 Cal.App.4th 1144, 1154.) "The subdivision (b) factors 'are not arranged in a hierarchical order, and no factor is determinative or necessarily more important than another.' [Citation.]" (*Id.*, at p. 1149.)

We presume that the trial court considered the relevant factors. (See *Dubois v. Corroon & Black Corp.* (1993) 12 Cal.App. 4th 1689, 1696 ["the court is presumed to be correct in its ruling and need not specifically state that it has considered all of the relevant factors"]; see also *People v. Myers* (1999) 69 Cal.App. 4th 305, 310.) To carry their

8

burden of showing an abuse of discretion, appellants must present meaningful analysis concerning the application of the subdivision (b) factors to the underlying facts. The analysis must be "supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Appellants have not carried their burden. The thrust of appellants' argument is that the NRCS is not an indispensable party because it is a joint tortfeasor and joint tortfeasors are not necessary parties. But we have already concluded that the NRCS is a necessary party even if it is a joint tortfeasor. For the same reasons that the NRCS is a necessary party, it is reasonable to conclude that it is also an indispensable party. The trial court therefore did not abuse its discretion in resolving the indispensable party issue.

*Disposition*

The judgment is affirmed. Respondents shall recover their costs on appeal.

CERTIFIED FOR PUBLICATION

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

9

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Glenn J. Campbell, Richard R. Bredlau, for Appellants.

Terry Ross; Tara B. Voss; Kristy A. Hewitt; Keesal, Young & Logan for Prudential Insurance Company of America, Prudential Mortgage Capital Company, LLC, and Prudential Financial Inc., Respondents.

Bruce Alan Finck; Benton, Orr, Duval & Buckingham for Sierra Pacific Farms, Inc., dba Somis Pacific AG Management, and Doug O'Hara, Respondents.

Pollard, Mavredakis, Cranert, Crawford; David Crawford III for Sunshine Agriculture, Inc., and Capital Agricultural Property Services, Respondents.