Filed 10/19/22  Superior Investments Management v. Marks CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SUPERIOR INVESTMENTS MANAGEMENT INC., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> JOHN L. MARKS, Individually and Trustee, etc., <br><br> Defendant and Appellant. | 2d Civil No. B314536 (Super. Ct. No. 56-2020-00543440-CU-BC-VTA) (Ventura County) |

John L. Marks, as an individual and trustee of the John L. Marks Trust, appeals the trial court's denial of his motion to set aside default and default judgment after it found his default constituted inexcusable neglect.  (See Code Civ. Proc., § 473, subd. (b).)[1]  We affirm.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

## FACTS AND PROCEDURAL HISTORY

In July 2020, respondents Superior Investments Management, Inc., Tony Marino and Associates, Inc., and Linda Kocalis Corwin, as trustee of the Harold Kocalis Trust, filed the instant action against appellant, his wife, Anna Marks, and his mother, Dorothy Marks (collectively "appellants")[2] alleging damages for breach of obligation to pay money. (Civ. Code, § 3302.) In the first amended complaint, respondents contended that appellants executed a promissory note in May 2020 for the principal sum of $500,000 with interest, due and payable on June 26, 2020. Appellants subsequently defaulted on the note and ignored respondents' demand for repayment.

In October 2020, the trial court entered default after appellants failed to file an answer. In late March 2021, appellants moved the trial court to set aside default and default judgment. In his motion for relief, appellant contended that he was "overwhelmed" by the "stress" of personal family problems, which caused him to misunderstand the "process and time demands" to file an answer. He also claimed that he had not seen, nor had he ever signed, the promissory note attached as an exhibit to the complaint. He included a declaration from a Certified Handwriting Examiner who opined it "unlikely" that appellants signed the note.

The trial court denied the motion, stating that appellants' motion focused primarily on the merits of their defense, and "barely address[ed] the foundational issue of mistake, inadvertence, surprise or excusable neglect." The trial court

[2] We will refer to the defendants collectively as appellants, although Anna and Dorothy Marks did not appeal the trial court's order.

concluded appellants' excuses "demonstrate[d] inexcusable neglect, not excusable neglect."

## DISCUSSION

Section 473 grants a trial court the discretionary authority to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. (*Id*., subd. (b).) Application for such relief must be made within a reasonable time, and in no case exceeding six months after such judgment, order, or proceeding was taken. (*Ibid.*) The party seeking relief bears the burden to establish a right to relief. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410; *Transit Ads, Inc. v. Tanner Motor Livery, Ltd* (1969) 270 Cal.App.2d 275, 279 (*Transit Ads, Inc.*).)

As we have previously stated, an appellant who seeks reversal of a trial court's discretionary ruling has a "'daunting task.'" (*Dreamweaver Andalusians, LLC v. Prudential Ins. Co. of America* (2015) 234 Cal.App.4th 1168, 1171.) That is because a ruling on a motion for discretionary relief shall not be disturbed on appeal absent a clear showing of abuse. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) In other words, appellant must show that the trial court's ruling was "arbitrary, capricious, whimsical, or exceeded the bounds of reason." (*Dreamweaver Andalusians*, at p. 1171.) As we explain, appellant has not satisfied this exacting standard.

Here, the trial court did not abuse its discretion in concluding appellant had not established excusable neglect. As pertinent to section 473, subdivision (b), excusable neglect means an error that a "'reasonably prudent person under . . . similar circumstances' might have made . . . ." (*Bettencourt v. Los Rios*

3

*Community College Dist.* (1986) 42 Cal.3d 270, 276; *Transit Ads, Inc., supra,* 270 Cal.App.2d at p. 279.)

Appellant's claim of "excusable neglect" rested on his assertion that the stress of personal family problems, including raising his grandchildren, caused him to miss the date to file an answer to the complaint. But the trial court rejected this explanation, concluding it was "beyond comprehension" that appellant, "armed with a strong defense of wrongdoing by plaintiff and with half a million dollars at stake, acted reasonably" by his inaction in this case. We agree. A reasonable person in appellant's situation would have hired counsel to help him navigate the process of responding to the complaint rather than ignoring it altogether.

Contrary to appellant's contention, the record does not establish that he acted with "reasonable diligence." For example, he did not file the motion to set aside default until more than five months after the entry of default. Appellant's proffered explanation for this delay was that he relied on respondents' reassurances that she would dismiss the case. However, the trial court found that explanation lacking.

Substantial evidence supports the trial court's finding that appellant's failure to timely respond to the complaint and his lengthy delay in seeking relief was not excusable neglect. In light of our "limited" review, we will not substitute our judgment for that of the trial court's, even where contrary findings could have been made. (See *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.)

Appellant resists this conclusion and contends that reversal is required because respondents will suffer no prejudice and the law favors a trial on the merits. "Although the policy of the law

is to favor a hearing on the merits of a case, courts are not required to set aside default judgments for defendants who flagrantly ignore the responsibility to present a defense," or who cannot "demonstrate a satisfactory excuse for not responding" to the original action. (*Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1148.)

Lastly, appellant's contention that the default judgment is void on its face is waived because he did not raise it below. (See 4 Witkin, Cal. Procedure (6th ed. 2021) Pleading, § 124, p. 186.)

DISPOSITION

The order denying the motion to set aside default and default judgment is affirmed. Respondents are awarded costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

5

Benjamin F. Coats, Judge
Superior Court County of Ventura

_____


Sollertis and Steven W. Blake, Giovanni A. Correa, for Defendant and Appellant.


Freeman Fazio and Sara D. Fazio, for Plaintiffs and Respondents.