Filed 9/15/23  L.B. v. Moreno CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| L.B., a Minor, etc., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> WENDY MORENO et al., <br><br>     Defendants and Respondents. | A164026 <br><br><br> (Humboldt County <br> Super. Ct. No. CV2100196) |

By and through his guardian ad litem, plaintiff L.B. (plaintiff) filed a complaint alleging negligence claims against Wendy Moreno and Bruce Merson (collectively, defendants), employees at a hotel and casino operated by the Bear River Band of Rohnerville Rancheria (Tribe).[1]  The complaint did not name the Tribe as a defendant.  The trial court sustained defendants' demurrer without leave to amend on the basis that the Tribe was an

---

[1] Bear River Band of the Rohnerville Rancheria is a federally recognized Indian tribe.  (88 Fed.Reg. 54655 (Aug. 11, 2023).)  Inclusion on the Secretary of the Interior's list of federally recognized tribes "grants the tribes immunities and privileges, including immunity from unconsented suit, by virtue of their relationship with the United States."  (*Agua Caliente Band of Cahuilla Indians v. Superior Court* (2006) 40 Cal.4th 239, 243, fn. 1 (*Agua Caliente Band*).)

indispensable—but unnamed—party. (Code Civ. Proc., § 389; undesignated statutory references are to this code.) Plaintiff appeals. We affirm.[2]

## FACTUAL AND PROCEDURAL BACKGROUND[3]

The Tribe operates the Bear River Casino Resort (hotel) in Humboldt County. Moreno worked at the front desk; Merson was the general manager. Plaintiff alleged he was sexually assaulted by two 10-year-old boys in one of the hotel's guest rooms. According to the complaint, the boys' grandfather invited plaintiff, then five years old, to go swimming at the hotel's pool. The grandfather and the three boys went as guests of the grandfather's friend, who was staying at the hotel. Left unattended, the 10-year-old boys took plaintiff to the front desk where they requested a key to the grandfather's friend's room. Moreno gave the boys a key, which they used to enter the room. The 10-year-old boys then sexually assaulted plaintiff.

The complaint asserted two causes of action against Moreno—negligence and negligent entrustment—and one cause of action against

---

[2] As a general rule, an order sustaining a demurrer without leave to amend is not appealable; an appeal lies from the judgment of dismissal. (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 883.) We exercise our discretion to " 'deem the order to incorporate a judgment of dismissal, since all that is left to make the order appealable is the formality of the entry of' " a judgment of dismissal. (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527, fn. 1.)

[3] Our factual recitation is taken from the operative first amended complaint (complaint). In reviewing a trial court's ruling on a demurrer, "we accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law." (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.) We also accept facts that may be reasonably implied or inferred from the complaint's express allegations. (*Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 480.) We omit references to another defendant who is not a party to this appeal.

Merson—negligent hiring, supervision or retention. As to Moreno, the complaint alleged she violated hotel policy by providing the boys with the room key without a reasonable basis to believe they were entitled to it. Plaintiff alleged Merson supervised Moreno and that he knew or should have known she was likely to provide room keys to individuals unfit to have them, in violation of hotel policy. Plaintiff claimed defendants "were acting in their individual capacities and not exercising discretionary or policymaking functions" on the Tribe's behalf. According to the complaint, defendants' actions were a substantial factor in causing plaintiff's harm.

Defendants demurred. As relevant here, they argued the Tribe was a necessary and indispensable party pursuant to section 389. Defendants asserted the Tribe was necessary because it was an "active participant" in the conduct underlying the complaint's allegations and that it was indispensable based on the factors enumerated in section 389, subdivision (b). Over plaintiff's opposition and following a hearing, the trial court sustained the demurrer without leave to amend on the basis that the Tribe was an indispensable party.

## DISCUSSION

We must decide whether the trial court abused its discretion in concluding the Tribe was an indispensable party. We conclude it did not.

### I. *General Principles*

Section 389 governs the joinder of parties. (*Deltakeeper v. Oakdale Irrigation Dist.* (2001) 94 Cal.App.4th 1092, 1099.) Subdivision (a) defines " 'necessary' " parties—persons who should be joined in a lawsuit. (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1365 (*TG Oceanside*).) "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the

3

action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  If he has not been so joined, the court shall order that he be made a party." (§ 389, subd. (a).)

"If a necessary party cannot be joined, the court shall 'determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable.' " (*TG Oceanside, supra*, 156 Cal.App.4th at p. 1365; § 389, subd. (b).)  "The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder." (§ 389, subd. (b).)  "None of these factors is determinative or necessarily more important than another.  [Citations.]  Further, the court's consideration of these factors largely depends on the facts and circumstances of each case." (*TG Oceanside*, at pp. 1365–1366.)

We review a trial court's determination that a party is necessary or indispensable for abuse of discretion.  (*Dreamweaver Andalusians, LLC v. Prudential Ins. Co. of America* (2015) 234 Cal.App.4th 1168, 1173

4

(*Dreamweaver*).)  We " 'reverse the judgment only if in the circumstances of the case, viewed most favorably in support of the decision, the decision exceeds "the bounds of reason" [citation], and therefore a judge could not reasonably have reached that decision under applicable law [citation].  It is the appellant's burden on appeal to show the trial court abused its discretion.' "  (*Id*. at p. 1174.)  An appellant seeking reversal of a discretionary ruling faces a " 'daunting task.' "  (*Id*. at p. 1171.)

An "abuse of discretion standard is appropriate in reviewing a determination of indispensable parties because the determination is ' "based on fact-specific considerations. . . .  [T]hey involve the balancing of competing interests and must be steeped in 'pragmatic considerations.' " . . . " . . . [T]he [trial] court has 'substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations in deciding whether the action should go forward.' " ' "  (*Verizon California Inc. v. Board of Equalization* (2014) 230 Cal.App.4th 666, 680, 3d bracketed insertion added.)

## II.  *Necessary Party*

Here, the trial court impliedly concluded the Tribe was a necessary party under section 389.  (*Dreamweaver, supra*, 234 Cal.App.4th at p. 1173 [a determination that a person is a necessary party is the predicate for determining whether the person is an indispensable party].)  As we explain *post*, the record supports this conclusion.

Section 389, subdivision (a) defines necessary parties and contains three distinct clauses.  (*TG Oceanside, supra*, 156 Cal.App.4th at p. 1365.)  One clause defines a necessary party to be a party in whose absence complete relief cannot be accorded among those already parties.  (§ 389, subd. (a).)  This includes a party who is an " ' "active participant" ' " in the allegations critical to disposition of the litigation's important issues.  (*Dreamweaver,*

5

*supra*, 234 Cal.App.4th at p. 1175.) *Dreamweaver* is instructive. There, plaintiffs sued those allegedly responsible for the collapse of a hillside onto their property. (*Id*. at p. 1171.) The complaint alleged the negligent engineering of a federal agency employee caused the collapse, but plaintiffs did not name the agency as a defendant. (*Id*. at pp. 1172, 1175.) The trial court found the agency to be a necessary party because its employee prepared the engineering plans that allegedly caused the landslide. (*Id*. at p. 1172.)

The *Dreamweaver* court agreed the agency was a necessary party. (*Dreamweaver, supra*, 234 Cal.App.4th at p. 1175.) It held the agency was an active participant in the critical complaint allegations, as "the [agency] 'prepared the plans which [plaintiffs] contend were the cause of the landslide.' " (*Ibid*.) Under the complete relief clause of subdivision (a), the agency's presence was " 'crucial to determining the important issue of liability.' " (*Id*. at pp. 1175–1176.) This case is similar to *Dreamweaver*. Like the federal agency in *Dreamweaver* that employed the engineer whose plans plaintiffs claimed caused the collapse, the Tribe employed defendants whose alleged negligence led to plaintiff's assault. The complaint contends defendants acted contrary to hotel policy and that their negligence was a substantial factor in causing plaintiff's injury. Plaintiff claims Moreno exercised control over guest room access and Merson was responsible for the decision to retain Moreno as an employee. The complaint alleges plaintiff was a guest or invitee of the hotel, that at the time of the incident the risk of harm to hotel guests or invitees created by Moreno was realized, and that Merson breached his duty to hotel guests and invitees. These allegations implicate the hotel's policies, the scope of defendants' employment and authority, and the issue of duty—whether the hotel's employees, as opposed to its owner, owe a duty to guests and invitees. (See *Lawrence v. La Jolla*

6

*Beach & Tennis Club, Inc.* (2014) 231 Cal.App.4th 11, 22.)  The Tribe's presence " 'is crucial to determining the important issue of liability.' " (*Dreamweaver*, at pp. 1175–1176.)

A party is necessary if in the party's absence complete relief cannot be accorded among those already parties.  (§ 389, subd. (a).)  In urging that complete relief can be accorded to the parties in the Tribe's absence, plaintiff relies on *Lewis v. Clarke* (2017) 581 U.S. 155 [197 L.Ed.2d 631] (*Lewis*). There, while transporting patrons of the Mohegan Sun Casino along a state highway, a tribal employee caused a collision with plaintiffs' vehicle.  (*Id.* at pp. 159–160.)  Plaintiffs filed a state court lawsuit against the employee in his individual capacity.  (*Id.* at p. 160.)  Defendant moved to dismiss, contending he was entitled to sovereign immunity as an employee of the tribe acting within the scope of his employment.  (*Ibid.*)  The United States Supreme Court held sovereign immunity did not bar the lawsuit, even when the tribe agreed to indemnify its employees.  (*Id.* at pp. 164–165.)  The Supreme Court noted consistency with the joinder context, stating that lower courts "have similarly held that a party does not become a required party for joinder purposes under Federal Rule of Civil Procedure 19 simply by virtue of indemnifying one of the named parties."  (*Id.* at p. 167; see *People ex rel. Lungren v. Community Redevelopment Agency* (1997) 56 Cal.App.4th 868, 875 [authority relating to Fed. Rules Civ.Proc., rule 19, 28 U.S.C., is relevant because § 389 conforms substantially to the federal rule].)

*Lewis* does not assist plaintiff.  The issue in that case was whether the tribe's sovereign immunity barred an action against its employee (*Lewis, supra,* 581 U.S. at pp. 157–158), not whether the tribe was a necessary party. True, the Supreme Court compared its analysis to joinder rules, but the discussion of that topic was in the context of indemnification.  (*Id.* at p. 167.)

Here, the conclusion that complete relief cannot be accorded to the parties in the Tribe's absence is not based on whether defendants have a right to indemnification from the Tribe. *Lewis* is also factually distinguishable. There, the accident occurred on state land, and the action was "simply a suit against [the employee] to recover for his personal actions" (*id.* at p. 163)—an action which plaintiffs still could have brought had the employee been driving a personal vehicle on personal time. Here, defendants were involved only because they were employees of the Tribe, working at the hotel operated by the Tribe, on the Tribe's property.

Alternatively, the record supports a conclusion that the Tribe is a necessary party under the second clause of section 389, subdivision (a). A party is necessary if it claims an interest in the subject of the action and disposition in its absence may leave any of the existing parties subject to a substantial risk of incurring double, multiple, or inconsistent obligations. (§ 389, subd. (a)(2)(ii).) The Tribe can claim an interest relating to the subject of this action, as the alleged assault occurred on its property as a result of its employees' alleged negligence. Plaintiff argues there will not be multiple or inconsistent obligations as there are no other pending proceedings, but he also asserts this is the type of claim generally covered by insurance indemnifying employees. This could leave defendants subject to a risk of incurring inconsistent obligations. If plaintiff prevailed, defendants could not bring an action against the Tribe in state court due to tribal sovereign immunity. (See *Agua Caliente Band, supra*, 40 Cal.4th at p. 247.) Were defendants to seek indemnification from the Tribe in tribal court, it would result " 'in an unnecessary second suit. Additionally, it is conceivable that the [tribal court] might proportion liability differently or make contradictory findings of fact resulting in inconsistent obligations.' " (*Dreamweaver, supra*,

234 Cal.App.4th at p. 1176; see *In re M.M.* (2007) 154 Cal.App.4th 897, 909 [while " 'the tribal court is located within the geographic boundaries of the state, it is not a [California] court; it is the court of an independent sovereign' "].)

In sum, we conclude the trial court was well within its discretion to deem the Tribe a necessary party under section 389.

### III. *Indispensable Party*

The trial court concluded the Tribe is an indispensable party under section 389. We must decide whether the court abused its discretion in making this determination. We conclude it did not.

The Tribe is a necessary party, and it is undisputed that it cannot be joined in the action. (See *Agua Caliente Band, supra*, 40 Cal.4th at p. 247.) The trial court had to "determine whether in equity and good conscience the action should proceed among" the existing parties. (§ 389, subd. (b).) Subdivision (b) identifies factors to consider in making this decision. (*Ibid.*) The court had " ' "substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations . . . ." ' " (*Dreamweaver, supra*, 234 Cal.App.4th at p. 1176.) To establish an abuse of discretion, plaintiff "must present meaningful analysis concerning the application of the . . . factors to the underlying facts. The analysis must be 'supported by citations to authority and citations to facts in the record that support the claim of error.' " (*Id.* at p. 1177.) Plaintiff has failed to carry his burden.

The first factor is to what extent a judgment rendered in the Tribe's absence might be prejudicial to the Tribe or to the existing parties. (§ 389, subd. (b)(1).) The record supports a conclusion that defendants would be prejudiced if the action proceeded without the Tribe. Defendants contend they lack access to the Tribe's records, internal documents, and witnesses,

making it difficult to defend themselves. Since the trial court has no jurisdiction over the Tribe, it would be unable to compel the Tribe to respond to subpoenas or comply with court orders. (See *In re M.M., supra*, 154 Cal.App.4th at p. 913.) Plaintiff's argument regarding prejudice to defendants is not persuasive. He asserts defendants' potential inability to seek indemnity does not render the Tribe indispensable. Plaintiff is correct that an absent party is not indispensable merely because the absent party will indemnify a named party. (See *General Refractories Co. v. First State Ins. Co.* (3d Cir. 2007) 500 F.3d 306, 320.) Even assuming for the sake of argument defendants have no right to indemnity, plaintiff's contention does not affect our conclusion *ante* that defendants would be prejudiced.[4]

Another relevant factor is whether plaintiff will have an adequate remedy if the action is dismissed. (§ 389, subd. (b)(4).) Plaintiff cannot bring an action against the Tribe in state or federal court due to its sovereign immunity. (*Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc.* (1998) 523 U.S. 751, 754 [140 L.Ed.2d 981]; *Agua Caliente Band, supra*, 40 Cal.4th at p. 247.) We do not know whether plaintiff could bring an action in tribal court. But even if no other forum exists, the lack of an alternative forum does not automatically prevent dismissal. (*Makah Indian Tribe v. Verity* (9th Cir. 1990) 910 F.2d 555, 560.)

Finally, sovereign immunity bars a suit against the Tribe. (*Agua Caliente Band, supra*, 40 Cal.4th at p. 247.) "If the necessary party enjoys

---

[4] The second and third factors are whether the prejudice could be lessened or avoided and whether a judgment rendered in the Tribe's absence will be adequate. (§ 389, subd. (b)(2), (3).) Plaintiff fails to mention the second factor and only briefly addresses the third factor. Plaintiff concedes these points. (See *Dreamweaver, supra*, 234 Cal.App.4th at p. 1176 [to carry his burden, plaintiff must present meaningful analysis supported by citations to authority and facts in the record].)

10

sovereign immunity from suit, some courts have noted that there may be very little need for balancing Rule 19(b) factors because immunity itself may be viewed as 'one of those interests "compelling by themselves," ' which requires dismissing the suit." (*Dawavendewa v. Salt River Project* (9th Cir. 2002) 276 F.3d 1150, 1162.)

Viewing the circumstances most favorably in support of the trial court's decision, we conclude the court did not abuse its discretion in determining the Tribe is an indispensable party. (*Dreamweaver*, *supra*, 234 Cal.App.4th at p. 1174.) Based on this conclusion, we do not reach the additional arguments defendants advanced in their demurrer.

## DISPOSITION

The order sustaining the demurrer without leave to amend is affirmed. Defendants are entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Jackson, P. J.


WE CONCUR:


_____
Simons, J.


_____
Burns, J.


A164026/*L.B. v. Moreno*

11